[Dkt. Nos. 64, 65]

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

NANCY LAVERICK,

     Plaintiff,

    v.

TERESA J. ADDIEGO, DMD; DAVID R. EDENBAUM, DMD; STATE OF THE ART SMILES, P.A.,

    Defendants.

Civil No. 14-3443 (RMB/AMD)

**MEMORANDUM OPINION & ORDER**

**RENÉE MARIE BUMB**, United States District Judge:

This matter comes before the Court upon a Motion to Enforce Settlement, filed by Defendants Teresa J. Addiego and State of the Art Smiles, P.A. ("SAS") [Dkt. No. 64], and a Motion for Partial Summary Judgment, filed by Plaintiff Nancy Laverick [Dkt. No. 65]. For the reasons set forth herein, both of the respective motions are **DENIED.**

I.    <u>FACTUAL & PROCEDURAL BACKGROUND</u>

Plaintiff commenced this action on May 30, 2014, alleging dental malpractice against Dr. Addiego, SAS, and another dentist

formerly associated with SAS, Dr. David R. Edenbaum.[1]
Specifically, Plaintiff alleges that she was a patient at SAS,
where she received negligent treatment from Dr Addiego and Dr.
Edenbaum that resulted in a perforation of the labial surface of
the maxilla bone and left maxillary sinus.

On April 10, 2015, this matter was administratively
terminated based on the parties' representations that Plaintiff
was actively undergoing treatment to repair her alleged injuries
and discovery could not be completed until the full extent of
Plaintiff's damages were known.  Almost four years later, on
March 4, 2019, the case was restored to this Court's active
docket and the parties began to proceed with discovery.

During the discovery period, Defendants sought to depose
Plaintiff and a deposition was purportedly scheduled for July 19,
2019.  Two days before the scheduled deposition, Plaintiff's
counsel reportedly advised Defendants' counsel that Plaintiff was
willing to settle her case against Defendants for $50,000.  Based
on the parties alleged belief that a settlement was imminent,
pending authorization from the malpractice insurer, the parties

---

[1] Dr. David R. Edenbaum has never filed a formal appearance in
this case.  Although a Clerk's Entry of Default was entered
against Dr. Edenbaum on September 24, 2014, Dr. Edenbaum has
maintained that he was never served with Plaintiff's Complaint
and Plaintiff has never moved for default judgment against Dr.
Edenbaum.  For the purposes of this Memorandum Opinion & Order,
the term "Defendants" shall refer to only Dr. Addiego and SAS.

agreed to adjourn further depositions to allow time to resolve the matter.

In late September of 2019, Defendants' counsel reached out to Plaintiff's counsel to convey that he had secured approval from the malpractice insurer to settle the case for $50,000. At that point, Plaintiff's counsel indicated that he would talk to his client, but "obviously [that settlement] does not include the practice." Defendants' counsel, who represents both Dr. Addiego and SAS, replied, "I represent the practice. So obviously any settlement includes the practice." At this point, with less than a month left before the October 31, 2019 deadline to complete discovery, the alleged settlement fell apart. Defendants' allege that Plaintiff's withdrawal from the purported settlement agreement left them without sufficient time to complete discovery.

On November 12, 2019, Defendants moved to enforce the purported agreement to settle the claims against Dr. Addiego and SAS for $50,000. Meanwhile, on November 22, 2019, Plaintiff moved for partial summary judgment on her claims against Dr. Addiego and SAS. Now, this matter comes before this Court.

## II.   STANDARDS OF REVIEW

### A.   *Motion for Summary Judgement*

Summary judgment shall be granted if "the movant shows that

3

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." Gonzalez v. Sec'y of Dept of Homeland Sec., 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. Id.

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." Connection Training Servs. v. City of Phila., 358 F. App'x 315, 318 (3d Cir. 2009). "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate." Id.

In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: he "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC. v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009)("speculation and conjecture may not defeat summary judgment").

4

**B.   *Motion to Enforce Settlement***

In the Third Circuit, district courts treat a motion to enforce settlement under the same standard of review as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement. See Martin v. Hoveround Corp., 2011 WL 742573, at *2 (D.N.J. Feb. 24, 2011)(citing Washington v. Klem, 388 F. App'x 84, 85 (3d Cir. 2010) and Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991)).  Additionally, district courts should not enforce a settlement agreement without an evidentiary hearing if the material facts of the agreement are in dispute. Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 2012 WL 4103888, at *2 (D.N.J. July 26, 2012), report and recommendation adopted sub nom. Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 2012 WL 4092655 (D.N.J. Sept. 14, 2012)(citing Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987)). Moreover, a court may not "supply any material stipulations or conditions which contravene the agreements of the parties." In re Cendant Corp. Sec. Litig., 569 F.Supp.2d 440, 443 (D.N.J.2008)(quoting Marini v. Ireland, 56 N.J. 130 (1970)).

## III.   DISCUSSION

Although both parties have filed motions for which the standard of review is "no genuine dispute of material fact," it

seems that many material facts are in dispute in this case.  As to the motion to enforce settlement, Plaintiff disputes that there was any offer to settle the case as to both Dr. Addiego and SAS.  Meanwhile, as to the motion for partial summary judgment, Defendant claims that Plaintiff has failed to provide years' worth of dental records and that Dr. Edenbaum was not employed by SAS during some of the years that Plaintiff allegedly received negligent dental treatment from him.

This Court cannot grant either of the respective motions based on the record submitted by the parties. Furthermore, the Court will not order the reopening of discovery unless the parties demonstrate good cause for their failure to take good-faith efforts to complete depositions and other discovery in October 2019, after the settlement fell through, but before the close of discovery.  Plaintiff's counsel must also address why he allowed his client's deposition to be canceled if he only intended to settle the claims as to one defendant, as opposed to both Dr. Addiego and SAS.  The parties shall submit letters on the docket within ten days of this Memorandum Opinion & Order addressing the above.

**ACCORDINGLY, IT IS** on this **30th** day of **June 2020**, hereby

**ORDERED** that Defendants' Motion to Enforce Settlement [Dkt. No. 64] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 65] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that with ten (10) days of this Memorandum Opinion & Order, the parties shall file letters on the docket addressing the issues outlined above; and it is further

**ORDERED** that within seven (7) days of this Memorandum Opinion & Order, the parties shall confer with each other and file a letter on the docket, offering the parties' mutual availability, in the month of July, to appear for a Zoom video conference, for which individuals with settlement authority must be present.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge