IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NANCY LAVERICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERESA J. ADDIEGO, DMD, et al.,<br><br>　　　　Defendants. | Civil No. 14-3443 (RMB/AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

　　This matter comes before the Court on the Motion to Vacate the Entry of Default brought by Defendant David R. Edenbaum. [Docket No. 104.] For the reasons expressed below, the Court will grant Defendant's Motion.

**I.　BACKGROUND**

　　As this Memorandum Opinion & Order is written primarily for the parties, the Court will not give an extensive background.[1] Suffice it to say that this case was initially filed on May 30, 2014. Plaintiff contends that she properly served Edenbaum; Edenbaum claims that the initial service was sent to an old address and that he did not receive a copy of the Complaint for several years. In any event, the Clerk entered default as against Edenbaum on September 24, 2014. The case was administratively terminated on several occasions between 2015 and 2019, and the parties have been engaging in discovery and motions practice since its most recent reactivation.

---

[1] The Court incorporates the Factual & Procedural Background section of its June 30, 2020 Memorandum Opinion & Order. [Docket No. 72, at 1–3.]

During that time, Edenbaum claims that he finally received a copy of the Complaint on September 10, 2020. [See Docket No. 104-1, at 8.] Edenbaum also claims to have cooperated with parties' discovery efforts before and after receiving the Complaint. [See id.] He hired Counsel and entered an appearance in this matter as of February 11, 2021. [Docket No. 103.]

Edenbaum filed the pending Motion on February 19, 2021. [Docket No. 104.] Plaintiff responded in opposition on March 1, 2021. [Docket No. 108.] Edenbaum replied on March 4, 2021. [Docket No. 110.]

## II.     STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." A decision to set aside an entry of default is left to the discretion of the district court. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 294 (3d Cir. 1984). However, default is disfavored and doubtful cases must be resolved in favor of the moving party so that the cases may be decided on their merits. Id. at 194–95.

The Court considers four factors in determining whether there is good cause to vacate entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). While district courts are urged to make explicit findings concerning all of these factors in considering a motion to vacate entry of default, the second factor—whether the defendant has a meritorious defense—is considered to be a dispositive "threshold question." $55,518.05 in U.S. Currency, 728 F.2d at 195.

Though motions to vacate entry of default and motions to vacate entry of default judgment consider the same factors, the former are held to a more lenient standard. See Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."); Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)."); WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2692, at 471 ("[T]he federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment.")

### III. ANALYSIS

Regarding the dispositive threshold question of whether Edenbaum has a meritorious defense, this Court finds that he does. Namely, co-Defendants have presented an expert report in which the expert concludes that, among other things, Dr. Edenbaum did not "deviate[] from the accepted standard of dental care with regard to Ms. Laverick's treatment." [See Docket No. 104-1, at 14.] This constitutes a meritorious defense. Plaintiff's attempt to dispute this conclusion is unsuccessful, as she merely argues that, because Edenbaum allegedly, vaguely offered to serve as an expert on her behalf, "he could hardly rely on a report against which he would be offering opposing testimony." [See Docket No. 108, at 4–5.] The Court rejects the premise of Plaintiff's argument.

Plaintiff argues that she "will be severely prejudiced if this default is set aside." [Id. at 5.] She notes that discovery is complete in this matter and a final pre-trial conference occurred in December 2020. She also argues that she would suffer additional litigation costs

as Edenbaum would likely produce witnesses and experts, as well as other discovery issues. Plaintiff also complains that Edenbaum has failed to produce certain evidence, despite his claim that he has access to the evidence, and that she has "relied on the default in preparing this case for trial." The Court acknowledges that vacating the default would prejudice Plaintiff in this matter. However, the Court finds that the amount of prejudice that Plaintiff will suffer does not outweigh the Circuit's preference to litigate cases on the merits, and especially cases in which a meritorious defense exists. See $55,518.05 in U.S. Currency, 728 F.2d at 194–95.

With respect to Edenbaum's culpability for failing to enter an appearance in this matter, the Court finds that Edenbaum has pointed to sufficient evidence that suggests that he was not properly served in this matter. [See, e.g., Docket No. 110, at 7–12.] The Court notes that Edenbaum also contends that he received a copy of the Complaint in September 2020 and that he knew at that point that this case was more than six years old. It was not ideal, given those facts, for Edenbaum to wait nearly five more months to enter his appearance. However, that brief delay is not really the heart of the issue here, which revolves more around the several years preceding September 2020. Given Edenbaum's assertions regarding lack of service, the Court finds that his failure to enter an appearance is excusable.

Finally, the Court finds that, to the extent they are necessary, sanctions would be more appropriate in this case than default. However, the Court notes that it sees no basis for sanctions here.

Therefore, the Court finds that, on balance, the <u>Emcasco</u> factors favor vacating default in this matter, in large part due to Edenbaum's meritorious defense. Therefore, his Motion will be granted.

### IV. CONCLUSION

**THEREFORE**, **IT IS**, on this **30th** day of **August** **2021**,

**ORDERED** that Defendant Edenbaum's Motion to Vacate Entry of Default is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court's Entry of Default, dated September 24, 2014, be **VACATED**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge